UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| FRANK GALLARDO,<br><br>　　　　　Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | 5:22-CV-05007-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING MOTION |

Movant, Frank Gallardo, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 alleging numerous errors, including that his trial counsel provided ineffective assistance of counsel. Docket 1. The United States now moves to dismiss the petition without holding an evidentiary hearing. Docket 23. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order. Magistrate Judge Duffy recommends that Gallardo's motion be dismissed in its entirety with prejudice and without holding an evidentiary hearing. Docket 26. Gallardo timely filed objections to the report and recommendation. Docket 28. For the following reasons, the court adopts Magistrate Judge Duffy's report and recommendation in full and dismisses Gallardo's petition.

**FACTUAL BACKGROUND**

A full factual background was provided by the magistrate judge in her report and recommendation. Docket 26 at 1-13. No objections were filed to the facts, so the court adopts the facts in full. Gallardo objects to portions of the legal recommendations in the Magistrate's Report and Recommendation and to the denial of an evidentiary hearing. Docket 28.

**STANDARD OF REVIEW**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994). Judge Duffy provided a full, complete and well-analyzed report and recommendation addressing all the issues raised by Gallardo. The court adopts the recommendations and addresses briefly the issues raised by Gallardo in his objections.

**DISCUSSION**

In his objections, Gallardo argues generally that he has been deprived of due process and that these "violations are very prejudicial to me the petitioner and have many cases overturnd [sic] for all the same errors and prejudicial

that was done to me and the cases are out of the 8th Cir. and I have put a lot of my evidence and case law that are 8th Cir. Law and case Law." Docket 28 at 1-2. The court construes this objection to be an objection to the portion of the report and recommendation that addresses the ineffective assistance of counsel claims.

To establish ineffective assistance of counsel, a petitioner must meet the two-pronged standard articulated by the United States Supreme Court in *Strickland v. Washington*. *See* 466 U.S. 668, 687 (1984). "First, the [petitioner] must show that counsel's performance was deficient." *Id.* This "performance prong" requires the petitioner to show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. To show deficiency, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. This court must assess "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Ordinarily, the Eighth Circuit "consider[s] strategic

decisions to be virtually unchallengeable unless they are based on deficient investigation[.]" *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006).

"Second, the [petitioner] must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. This "prejudice prong" requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In other words, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

As the report and recommendation notes, Gallardo's speedy trial rights were not violated because his lawyer moved for a continuance of the trial date. While Gallardo alleges that his signature was forged on the consent form, the court does not need to decide whether this allegation is in fact true because the decision to request a continuance is a tactical decision that counsel is entitled to make without client input. *See Thomas v. United States*, 737 F.3d 1202, 1209 (8th Cir. 2013). Thus, Gallardo's objection on this issue is overruled.

Gallardo has also raised an ineffective assistance of counsel claim regarding denial of his right to testify. But at trial, when his attorney announced that the defense was resting its case without calling the defendant to testify, the defendant made no objection and sat in silence. The Eighth

4

Circuit recognized in Gallardo's direct appeal that a defendant's silence when his lawyer announces that the defense has rested its case without calling the defendant to testify is sufficient to show a knowing and voluntary waiver of the right to testify. *United States v. Gallardo*, 970 F.3d 1042, 1048 (8th Cir. 2020). Thus, Gallardo's objection on this issue is also overruled.

## EVIDENTIARY HEARING AND APPPOINTMENT OF COUNSEL

A court must order an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the [petitioner] is entitled to no relief[.]" 28 U.S.C. § 2255(b); *see also Thomas*, 737 F.3d at 1206 ("Evidentiary hearings . . . are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists."). But a petition may be denied without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (citation omitted).

Here, an evidentiary hearing is not required because Gallardo failed to demonstrate both prongs of the *Strickland* test for his claims. Thus, Gallardo's request for an evidentiary hearing is denied.

Gallardo also asked the court to explain why he did not receive appointed counsel to represent him in this matter. Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court may appoint an attorney in an action that arises under 28 U.S.C. § 2255, it is

5

not required to appoint an attorney. *See Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil cases); *Abdullah v. Gunter,* 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent,* 753 F.2d 663, 668 (8th Cir .1985) (stating that an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States,* 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment right to counsel does not extend to persons seeking post conviction relief." citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))). Given the record, the court concludes that appointment of counsel was not warranted.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Gallardo has not made a substantial showing that his claims are debatable among reasonable jurists, that another

court could resolve the issues raised in his claims differently, or that a question raised by his claims deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

It is ORDERED:

1. Gallardo's objections to the report and recommendation (Docket 28) are overruled.

2. The report and recommendation (Docket 26) is adopted.

3. Respondent's motion to dismiss (Docket 23) is granted. Gallardo's § 2255 motion is dismissed in its entirety with prejudice and without an evidentiary hearing.

4. A certificate of appealability is denied.

Dated October 18, 2022.

                                  BY THE COURT:

                                  /s/ *Karen E. Schreier*
                                  KAREN E. SCHREIER
                                  UNITED STATES DISTRICT JUDGE